## 34813. BRYANT v. THE STATE.

DECIDED SEPTEMBER 23, 1953.

*O. Frank Brant,* for plaintiff in error.
*Walton Usher, Solicitor-General,* contra.

## 34814. BRYANT v. THE STATE.

GARDNER, P. J. Aaron Bryant was convicted of cow stealing. He filed his motion for new trial on the general grounds, and afterwards added certain special grounds. The court overruled his motion. On that judgment he assigns error.

(a) As to the general grounds, the record shows that the defendant was indicted along with Thomas Lee. We will not go into detail because we are not here concerned with the case against Lee. The record reveals, insofar as the evidence is concerned, that the offense was committed on March 27, 1953. The property alleged to have been stolen was a cow and a calf, the property of Frank R. Roundtree. The animals were stolen from a range in Effingham County, Georgia, and were later found in a field at the home of Doey German, in Screven County, Georgia. The earmark had been cut off the cow. The defendant, Aaron Bryant, was taken into custody, and stated to the Sheriff of Effingham County and to sergeant E. B. Deyo of the Georgia Bureau of Investigation that he hauled the cows from the home of Thomas Lee in Effingham County to the home of Doey German in Screven County, but stated further that he did not know that the cows were stolen. Pauline Lee, the wife of Thomas Lee, a cousin of Aaron Bryant, testi-

fied that Bryant a good many times hauled cows away from the house where she and her husband, Thomas Lee, lived; that the cows so hauled did not belong to her husband; that her husband went with Bryant most of the time when cows were hauled away. She testified also that every time the defendant's truck came to their house Bryant was with it; that all the cows which were hauled away that did not belong to her had the ears cut off so as to cut away the mark.

Thomas Lee testified in part for the State as follows: "All I can say about them is we just got them, we just hauled it off and put it down in another county. You know I didn't know what would happen afterwards . . . I got them . . . Aaron was with me." He testified at length about cows and how Aaron Bryant hauled them but further stated that he did not know they were stolen. On cross-examination he testified: "During this conversation I had with Mr. Roundtree and the sheriff as to whether or not I made the statement that Aaron Bryant and I were in the wholesale cattle-stealing business; that sometimes I would sell them and sometimes he would sell them, I laughed out loud, I laughed some, I remember something like that all right. I will have to say that again. I did make that statement." The evidence is abundantly sufficient to sustain the verdict against the defendant. There is no merit in the general grounds.

(b) Special ground 1 assigns error because the court permitted, over objections, a witness, Doey German, to testify as to the statement of Thomas Lee (the codefendant) that the defendant Aaron Bryant was present at the home of Doey German when the cows in question were delivered to Doey German. This assignment is without merit because the evidence was ruled out by the court before argument and before the case was submitted to the jury. This ruling reads: "Gentlemen, Doey German stated that he said Thomas Lee told him that Aaron Bryant was outside. Just erase that statement from your minds. That part of Doey German's statement where he said Thomas Lee told him Aaron Bryant was outside at the time, at his house, with this cow and yearling, just erase that from your minds." This assignment of error is without merit.

(c) Special ground 2, to the effect that the trial court in charging that a conspiracy could be proven by circumstantial evidence, failed to charge that the proof must be to the exclusion of every other reasonable hypothesis save that claimed, in view of the whole charge of the court, is without merit.

(d) Special ground 3 complains because the court failed to charge the jury on the law of admissions and confessions. There was no confession. We do not see how it could have harmed the defendant for the court not to have charged on criminal admissions. Moreover, we think this ground is incomplete within itself.

(e) Special ground 4 complains of the following excerpt from the charge: "Now, after considering all the facts and circumstances of this case together with the defendant's statement you should reach the conclusion that the defendant is not guilty, that he knew nothing about this property being stolen, or have a reasonable doubt resting upon your minds as to his guilt, it will be equally your duty to give him the benefit of that

doubt and acquit him." When we view the charge as a whole, this excerpt is without error. The court fully charged as to possession of stolen property and as to other phases. We are not in a position to say, even from the excerpt, that the court erred as contended, because a proper construction of the excerpt is that, if under all the facts of the case the defendant had knowledge that the cow was stolen, he would be guilty of cow stealing, in view of his activity in the transaction as revealed by the record. This ground is without merit.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*